NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NABIL HLIMI,<br><br>Petitioner,<br><br>v.<br><br>ERIC HOLDER, JR., et al.,<br><br>Respondents. | Civil Action No. 13-3210 (KM) |
| NABIL HLIMI,<br><br>Petitioner,<br><br>v.<br><br>ROY L. HENDRICKS,<br><br>Respondents. | Civil Action No. 13-3691 (KM)<br><br>OPINION |

**APPEARANCES**:

NABIL HLIMI, A 040 415 560
Essex County Correctional Center
354 Doremus Avenue
Newark, New Jersey 07105
Petitioner *Pro Se*

**McNULTY, District Judge**:

Nabil Hlimi filed two almost identical petitions for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging his post-removal-period detention at Essex County Correctional Center, where he is being held in the custody of the Department of Homeland Security ("DHS") without a bond hearing. This Court will summarily dismiss the Petition because Mr. Hlimi has

not alleged facts showing there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," as required by *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), to make the government respond with evidence sufficient to rebut that showing. The dismissal is without prejudice to the filing of a new § 2241 petition (in a new case), in the event that Mr. Hlimi can allege facts showing good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future.

## I. BACKGROUND

Mr. Hlimi signed his petitions on May 20 and June 4, 2013. He asserts the following facts. He is a 35-year old native and citizen of Morocco who was admitted to the United States on July 13, 1993, as a conditional lawful permanent resident. (ICE Decision dated Feb. 13, 2013, ECF No. 1-4 in Civ. No. 13-3691.) On August 31, 1995, immigration officials removed his conditional status, and on February 1, 2011, an Immigration Judge granted him cancellation of removal. *Id.* However, in early August 2012, DHS took him into custody upon his release from a seven-day sentence of incarceration imposed on July 27, 2012.[1] (Petition, ECF No. 1 at 8 in Civ. No. 13-3210.) On November 19, 2012, an Immigration Judge ordered Hlimi removed and he waived his right to appeal.[2] (ICE Decision dated Feb. 13, 2013, ECF No. 1-4 in Civ. No. 13-3691.)

In Mr. Hlimi's first § 2241 petition, he claims that his detention violates 8 U.S.C. § 1231(a)(6), as interpreted by *Zadvydas,* because his "removal to Morocco, or any other country is not significantly likely to occur in the reasonably Near future." (Petition, Count One, ECF No. 1

---

[1] Mr. Hlimi has presumably been detained since July 27, 2012.

[2] The order of removal was based on Hlimi's numerous convictions.

at 6 in Civ. No. 13-3210.) He also generally asserts that his detention beyond six months violates substantive and procedural due process. *Id.*, ECF No. 1 at 6-7.

In his second § 2241 petition, Hlimi lists four grounds supporting his claim that he is being detained in violation of the Constitution, laws, or treaties of the United States. Those grounds are set forth below verbatim:

> Ground One: MY CURRENT DETENTION IS UNLAWFULLY PROLONGED AND ABROGATES ZADVYDAS V. DAVIS.
>
> Supporting Facts: I have been held in detention for over six months after a final order of removal was entered against me. I have cooperated fully with ICE's efforts to remove me, yet they have been unable to do so.
>
> Ground Two: RESPONDENT[]S HAVE NOT PROVIDED ME WITH A CONSTITUTIONALLY ADEQUATE CUSTODY REVIEW AND HAVE ONLY CONDUCTED FILE REVIEWS TO DETERMINE MY CUSTODY.
>
> Supporting Facts: A file custody review was conducted [ ] where ICE decided to continue my detention, I was never personally interviewed or given a fair opportunity to show why I should be released.
>
> Ground Three: RESPONDENTS HAVE NOT SHOWN CAUSE WHY MY DETENTION PAST THE PRESUMPTIVE SIX MONTH PERIOD IS CONSTITUTIONALLY FAIR OR JUST.
>
> Supporting Facts: In abrogating Zadvydas, a Supreme Court precedent, the respondents at the very least should be ordered to show cause why my detention has exceeded the presumptive six month period after a final order of removal has been given.
>
> Ground Four: I AM ENTITLED TO RELIF UNDER ZADVYDAS V. DAVIS.
> Supporting Facts: (See foregoing Grounds I through III.)

(Petition, Grounds, ECF No. 1 at 7-8 in Civ. No. 13-3691.) For relief, Mr. Hlimi seeks an order to show cause directing DHS to show why his detention is lawful and warranted, and an order directing his release under supervision. (ECF No. 1 at 8.)

Several documents issued by DHS are attached to the second petition, including: warnings for failure to depart; instruction sheet to alien regarding requirement to assist in removal; Notice to Alien of File Custody Review on February 17, 2013; Decision to Continue Detention dated February 13, 2013; and Decision to Continue Detention served in June 2013. (Attachments, ECF Nos. 1-4 in Civ. No. 13-3691.)

## II. DISCUSSION

A. Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). This Court has subject matter jurisdiction over the Petition under § 2241 because Petitioner was detained within its jurisdiction in the custody of the DHS at the time he filed his Petition, *see Spencer v. Kemna*, 523 U.S. 1, 7 (1998), and he asserts that his detention violates federal law and his constitutional rights. *See Bonhometre v. Gonzales*, 414 F.3d 442, 445-46 (3d Cir. 2005).

B. Standard of Review

Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985). Habeas Rule 4 requires a district court to examine a habeas petition prior to ordering an answer and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b). Dismissal

without the filing of an answer or the State court record is warranted "if it appears on the face of the petition that petitioner is not entitled to relief." Id.; *see also McFarland*, 512 U.S. at 856; *Thomas*, 221 F.3d at 437 (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

C. Legality of Detention

"Detention during removal proceedings is a constitutionally permissible part of that process." *Demore v. Kim*, 538 U.S. 510 (2003). The Immigration and Nationality Act ("INA") authorizes the Attorney General of the United States to issue a warrant for the arrest and detention of an alien pending a decision on whether the alien is to be removed from the United States. *See* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . .").

Once an alien's order of removal is final, the Attorney General is required to remove him or her from the United States within a 90-day "removal period." *See* 8 U.S.C. § 1231(a)(1)(A) ("Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')."). This 90-day removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section § 1231(a)(2) requires DHS to detain aliens during this 90-day removal period. *See* 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien"). However, if DHS does not remove the alien during this 90-day removal period, then § 1231(a)(6) authorizes DHS to release the alien on bond or to continue to detain the alien. Specifically, § 1231(a)(6) provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

The Supreme Court held in *Zadvydas* that § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689. To guide habeas courts, the Supreme Court recognized six months as a presumptively reasonable period of post-removal-period detention. *Id.* at 701. But the Supreme Court also held that, to state a constitutional violation cognizable under § 2241, the alien must provide in the petition good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *Zadvydas*, 533 U.S. at 701. Specifically, the Supreme Court determined:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with

> evidence sufficient to rebut that showing. And for detention to
> remain reasonable, as the period of prior postremoval confinement
> grows, what counts as the "reasonably foreseeable future"
> conversely would have to shrink. This 6-month presumption, of
> course, does not mean that every alien not removed must be
> released after six months. To the contrary, an alien may be held in
> confinement until it has been determined that there is no significant
> likelihood of removal in the reasonably foreseeable future.

*Zadvydas*, 533 U.S. at 701.

In Mr. Hlimi's case, an Immigration Judge ordered his removal on November 19, 2012. Because Mr. Hlimi waived appeal, his order of removal became final on that date.[3] Since the removal period begins on the "date the order of removal becomes administratively final," *see* 8 U.S.C. § 1231(a)(1)(B)(i), Mr. Hlimi's removal period began on November 19, 2012. The six-month presumptively reasonable period of post-removal-period detention expired on May 19, 2013, one day before Mr. Hlimi signed his first § 2241 petition and 16 days before he signed his second petition.

Mr. Hlimi argues that his detention beyond the presumptively reasonable six-months violates *Zadvydas*, but the *Zadvydas* Court emphasized that "[t]his 6-month presumption [ ] does not mean that every alien not removed must be released after six months." *Zadvydas*, 533 U.S. at 701. Rather, the Supreme Court explained that, to state a claim for habeas relief under § 2241, an alien must provide in the petition good reason to believe that his or her removal is not foreseeable. Contrary to Mr. Hlimi's contention, in the absence of such an initial showing by

---

[3] An order of removal becomes "final upon the earlier of - (i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B); *see also* 8 C.F.R. § 1241.1; *Giraldo v. Holder*, 654 F.3d 609, 611 (6th Cir. 2011); *Hakim v. Holder*, 611 F.3d 73, 77 (1st Cir. 2010); *Chupina v. Holder*, 570 F.3d 99, 103 (2d Cir. 2009); *United States v. Calderon-Minchola*, 351 Fed. App'x 610, 611 n.1 (3d Cir. 2009).

the petitioner, DHS does not have to respond by showing that removal is reasonably foreseeable. *See Zadvydas*, 533 U.S. at 701 ("After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."); *see also Barenboy v. Attorney General of U.S.*, 160 Fed. App'x 258, 261 n.2 (3d Cir. 2005) ("Once the six-month period has passed, the burden is on the alien to provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future . . . . Only then does the burden shift to the Government, which must respond with evidence sufficient to rebut that showing") (citation and internal quotation marks omitted).

Mr. Hlimi also argues that DHS violated his due process rights by failing to give him a hearing or an opportunity to be heard prior to determining that his custody would continue. First, DHS gave Hlimi an opportunity to be heard. Specifically, the Notice to Alien of File Custody Review, served January 8, 2013, informed Hlimi that his custody status would be reviewed on February 17, 2013 and advised him that he "may submit any documentation . . . to be reviewed in support of [his] release . . ." (ICE Notice, ECF No. 1-4 at 10 in Civ. No. 13-3691.) Second, this claim lacks legal merit because, under the rationale of *Zadvydas*, an alien is not entitled to a hearing unless he has been detained beyond the presumptively reasonable six month period *and* he alleges facts showing that there is no significant likelihood of removal in the reasonably foreseeable future. *Zadvydas*, 533 U.S. at 701; *cf. Wilson v. Hendricks*, Civ. No. 7315 (KM), 2013 WL 324743 at *2 (D.N.J. Jan. 25, 2013) ("The U.S. Supreme Court has

adopted a rule of thumb that a post-removal detention of up to six months is reasonable, but that a bond hearing may be required after that time.").[4]

Finally, to the extent that Mr. Hlimi argues that DHS failed to comply with regulations pertaining to the custody review process, *see* 8 C.F.R. §§ 241.4, 241.13, this claim will be dismissed without prejudice. The documents attached to the second petition show that DHS officials conducted administrative custody reviews on February 13, 2013, and in June 2013.[5] (ECF No. 1-4 at 13, 17.) Because neither petition specifies how his custody reviews violated the regulations, Hlimi has not pled sufficient facts to avoid summary dismissal of this claim.[6] *See United States v. Thomas*, 221 F.3d at 437-438 (habeas claim supported by vague and conclusory allegations may be summarily dismissed without further investigation).

Mr. Hlimi's petitions will be dismissed because he "has made no showing whatever that there is 'no significant likelihood of removal in the reasonably foreseeable future,'" *Encarnacion-Mendez v. Attorney General of U.S.*, 176 Fed. App'x 251, 254 (3d Cir. 2006), and he has not otherwise shown that his detention is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see, e.g., Joseph v. United States*, 127

---

[4] Like Judge Martini, *see Davies v. Hendricks,* Civ. No. 13-2806 (WJM), 2013 WL 2481256 *5 n.2 (D.N.J. June 10, 2013), this Court declines to adopt the Ninth Circuit's holding in *Diouf v. Napolitano*, 634 F.3d 1081, 1092 (9th Cir. 2011), that "an alien facing prolonged detention under § 1231(a)(6) is entitled to a bond hearing before an immigration judge and is entitled to be released from detention unless the government establishes that the alien poses a risk of flight or a danger to the community."

[5] The date of the decision to continue detention is illegible, but the decision was served on Mr. Hlimi in June of 2013. (ECF No. 1-4 at 16-17.)

[6] Notably, the regulations pertaining to post-removal-period custody reviews do not require a hearing or an interview prior to the issuance of a decision. *See* 8 C.F.R. §§ 241.4(h)(1), 241.13(e), (f), (g); *cf. Diouf v. Napolitano*, 634 F.3d 1081, 1091-92 & n.12 (9th Cir. 2011).

Fed. App'x 79, 81 (3d Cir. 2005) ( "Under *Zadvydas*, a petitioner must provide 'good reason' to believe there is no likelihood of removal, 533 U.S. at 701, and Alva has failed to make that showing here."); *Soberanes v. Comfort*, 388 F. 3d 1305 (10th Cir. 2004) (affirming dismissal of § 2241 petition challenging detention pursuant to § 1231(a)(6) where petitioner failed to provide good reason to believe that there is no likelihood of removal); *Akinwale v. Ashcroft*, 287 F. 3d 1050, 1052 (11th Cir. 2002) ("in order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future"). The dismissals are without prejudice to the filing of a new § 2241 petition (in a new case), in the event that Mr. Hlimi can allege facts showing good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future.[7]

### III. CONCLUSION

For the foregoing reasons, this Court will dismiss the petitions in Civil Nos. 13-3210 (KM) and 13-3691 (KM).

KEVIN McNULTY, U.S.D.J.

DATED: August 20, 2013

---

[7] Alternatively, if Mr. Hlimi has reason to believe that his removal in the reasonably foreseeable future is not likely, he may at any time ask DHS to review his detention and he may submit written documentation supporting his request. *See* 8 C.F.R. § 241.13(d)(1) ("An eligible alien may submit a written request for release to [DHS] asserting the basis for the alien's belief that there is no significant likelihood that the alien will be removed in the reasonably foreseeable future. The alien may submit whatever documentation to [DHS] he or she wishes in support of the assertion that there is no significant likelihood of removal in the reasonably foreseeable future.")